United States District Court
Middle District of Florida
Jacksonville Division

**CHARLIE DURHAM JR.,**

> *Plaintiff,*

v.                                                           **NO. 3:25-cv-1211-HES-PDB**

**ASCENSION ST. VINCENTS HOSPITAL,**

> *Defendant.*

---

## Order

This order addresses the second amended complaint and the service-of-process deadline.

### 1.

In the second amended complaint, the plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 based on alleged race and color discrimination and retaliation. Doc. 8. In the caption, he names as the defendant "Ascension St. Vincent's Hospital." Doc. 8 at 1. As "Defendant No. 1," he names "Ascension St. Vincent's Riverside," with the job or title of "pharmacy technician." Doc. 8 at 2. He includes papers with the second amended complaint, *see* Doc. 8-1, but fails to allege facts to support each claim, *see* Doc. 8 at 4–5.

A complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint must include factual allegations—as opposed to legal conclusions— that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). An example of an alleged fact is, "My employer terminated my employment." An example of a legal conclusion is, "My employer discriminated against me because of my race."

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). In responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P. 8(b)(1)(B). Using numbered paragraphs and a single set of circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

By **April 1, 2026**, the plaintiff must file a third amended complaint that complies with the pleading rules. He must make clear who he is suing. He must include a short and plain statement of each claim showing he is entitled to relief. He must use a numbered paragraph for each factual allegation and state each claim in a separate count. For each claim, he must explain what occurred, what the defendant did, and what he wants as a result. The third amended complaint must leave the defendant aware of the factual allegations supporting each claim.

A helpful form the plaintiff may use is attached to this order and available on the court's website, www.flmd.uscourts.gov/forms/all. If he uses the form and needs additional space for the facts of his case, he can include with the form a sheet with the numbered paragraphs, each limited to a single factual allegation.

The court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

**2.**

Considering that the plaintiff is proceeding without a lawyer and that he paid the filing fee shortly before the deadline to serve process expired, the court sua sponte **extends** the deadline. After filing a third amended complaint, *see* § 1, *supra*, the plaintiff must serve the defendant with process or obtain a waiver of service of process by **May 27, 2026**.

**Ordered** in Jacksonville, Florida, on March 11, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:    Charlie Durham Jr.
      2061 Oakwood Dr.
      Stockbridge, GA 30281

3